# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARL BASS, ) | CASE NO. 8:11CV146 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| v. ) | AND ORDER |
| ) | |
| ROBERTS DAIRY COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |

Plaintiff filed his Complaint on April 26, 2011. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on April 26, 2011, against one Defendant, "Roberts Dairy Company, LLC" ("Roberts Dairy"). (Filing No. 1 at CM/ECF p. 1.)

Condensed and summarized, Plaintiff alleges that he is "black," and suffers from "chronic cough, hepatitis, and hip deterioration." (Id. at CM/ECF p. 2.) Plaintiff further alleges that, throughout his time as a production worker for Roberts Dairy, he was subjected to a "racially hostile environment," singled out to return to work during ordinary breaks, and treated in a manner that was inconsistent with the treatment of Caucasian employees. (Id. at CM/ECF p. 3.) Plaintiff also alleges that he was harassed for taking approved disability leave under the Family and Medical Leave Act ("FMLA"). (Id.) Plaintiff alleges that he was terminated for conduct that Caucasian and non-disabled employees regularly engaged in without discipline or termination. (Id.) Plaintiff filed a charge of discrimination with the NEOC, and received a right-to-sue letter on January 27, 2011. (Id.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

A. *Plaintiff's Title VII Claim*

The court liberally construes Plaintiff's Complaint to allege a claim pursuant to Title VII of the Civil Rights Act. Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual

with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In order to set forth a prima facie case of discrimination under Title VII, a plaintiff must allege that he (1) is a member of a protected class; (2) was meeting the legitimate expectations of his employer; (3) suffered an adverse employment action; and (4) that circumstances exist that give rise to an inference of discrimination. *See Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004). If a plaintiff establishes a prima facie case, then the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for its action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993). If the employer succeeds in this burden of production, then the burden shifts back to the plaintiff to prove that the employer's proffered reason was a pretext for intentional discrimination. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000). The ultimate burden of persuasion remains with the plaintiff throughout the case.

Here, Plaintiff alleges that he is black and was terminated for engaging in conduct which other, non-black employees repeatedly engaged in without being terminated. (Filing No. 1.) Plaintiff also alleges that he was "harassed" and "singled out" regarding his breaks in a way which "Caucasian employees were not." (*Id.*) However, Plaintiff does not allege that he met the legitimate expectations of his employer at the time of his termination. As such, Plaintiff has not alleged sufficient facts to state a claim upon which relief may be granted. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a Title VII discrimination claim against Defendant upon which relief may be granted. Any amended complaint shall restate the allegations

3

of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

B.   Plaintiff's ADA Claim

Plaintiff also alleges a claim for discrimination under the Americans with Disabilities Act ("ADA"). See 42 U.S.C. §§ 12101-12213. As set forth in the ADA:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). To establish a prima facie case of disability discrimination under the ADA a plaintiff must show that he: (1) has a disability as defined in 42 U.S.C. § 12102(2); (2) is qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) has suffered an adverse employment action because of his disability. 42 U.S.C. § 12112(a); *see also Dropinski v. Douglas County, Neb.*, 298 F.3d 704, 706-07 (8th Cir. 2002). The employee retains the burden of persuading the trier of fact that he has been the victim of illegal discrimination due to his disability. *Benson v. Northwest Airlines, Inc.*, 62 F.3d 1108, 1112 (8th Cir. 1995).

Further, a person is disabled within the meaning of the ADA only if that person demonstrates that he has a physical or mental impairment which substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis University,* 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself,

performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(i)).

Here, Plaintiff alleges that he had a chronic cough, hepatitis, and hip deterioration. (Filing No. 1 at CM/ECF p. 2.) Plaintiff further alleges that these conditions limit his major life activity of working and that he was terminated as a result of these disabilities. (*Id.* at CM/ECF pp. 2-3.) However, Plaintiff does not allege that he was qualified to perform the essential functions of his job. As such, Plaintiff has failed to allege facts sufficient for the court to draw a reasonable inference that he suffered an adverse employment action because of his disability or that Defendant is somehow liable for discriminating against him based on his disabilities. As with his Title VII claim, and on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state an ADA claim against Defendant upon which relief may be granted. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

C.    Plaintiff's FMLA Claim

In addition to his Title VII and ADA claims, Plaintiff alleges that Defendant failed to comply with the FMLA. (Filing No. 1 at CM/ECF p. 3.) The FMLA prohibits employers from discriminating against employees for using FMLA leave. *See Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1051 (8th Cir.2006). Under the FMLA, an eligible employee may take up to twelve weeks of unpaid leave during a twelve-month period for "a serious health condition that makes the employee unable to perform the functions of [their] position . . . ." 29 U.S.C. § 2612(1)(C); 29 U.S.C. § 2612(1)(D). An employee triggers his employer's

duties under the act when he provides enough information to put that employer on notice that he may be in need of FMLA leave. *Browning v. Liberty Mut. Ins. Co.*, 178 F.3d 1043, 1049 (8th Cir.1999), *cert. denied*, 528 U.S. 1050 (1999). Further, in order to set forth a prima facie case of retaliation under the FMLA, a plaintiff must "show that []he exercised rights afforded by the Act, that []he suffered an adverse employment action, and that there was a causal connection between [his] exercise of rights and the adverse employment action." *Phillips v. Mathews*, 547 F.3d 905, 912 (8th Cir. 2008),(quotation omitted).

Here, Plaintiff alleges that he had a chronic cough, hepatitis, and hip deterioration, conditions about which Defendant was aware, and which qualified him for FMLA leave. (Filing No. 1 at CM/ECF p. 2.) Plaintiff further alleges that he "was required to take approved leave under the FMLA," and was harassed, and ultimately terminated, for doing so. (*Id.*) The court finds that these allegations are sufficient to nudge Plaintiff's FMLA claim across the line from conceivable to plausible. The court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Although the court finds that this claim may proceed, summons will not be issued in this matter until after amendment of Plaintiff's other claims as set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff's FMLA claim may proceed. However, summons will not be issued until after amendment of Plaintiff's other claims, a set forth in this Memorandum and Order;

2. Plaintiff shall have until **July 25, 2011,** to amend his Complaint to clearly state a claim under the ADA and Title VII upon which relief may be granted against Defendant, in accordance with this Memorandum and Order. If

        Plaintiff fails to file an amended complaint, Plaintiff's ADA and Title VII claims against Defendant will be dismissed without further notice for failure to state a claim upon which relief may be granted;

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **July 25, 2011** and issue summons if none filed; and

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 23rd day of June, 2011.

                                                                 BY THE COURT:

                                                                 s/Laurie Smith Camp
                                                                 United States District Judge

---

    \*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.